UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | | |
|---|---|---|
| AUGUSTUS B. GAINES, JR., | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 1:24-cv-00052-SEB-MG |
| | ) | *SEALED* |
| | ) | |
| STATE OF IN., | ) | |
| RYAN MEARS, | ) | |
| KELLY BAUDER, | ) | |
| JESSICA CICCHINI, | ) | |
| ERIC HOLCOMB, | ) | |
| CHRISTINA REAGLE, | ) | |
| CURTIS HILL, | ) | |
| TODD ROKITA, | ) | |
| JOHN GILIPEAU, | ) | |
| PATERIOUS, | ) | |
| KEITH HARTZELL, | ) | |
| JOHN DOE #1, | ) | |
| JOHN DOE #2, | ) | |
| CAMDIEN AND MERRIDEW, | ) | |
| INDIANAPOLIS INTERNATIONAL AIRPORT | ) | |
| POLICE AUTHORITY DEPARTMENT, | ) | |
| JONES, | ) | |
| UNITED STATES DISABILITY | ) | |
| SERVICES/INDIANA DEPARTMENT, | ) | |
| ESKENAZI MEDICAL ENTITY, | ) | |
| KERRY JOSEPH FORESTALL, | ) | |
| INDIANAPOLIS METRO POLICE | ) | |
| DEPARTMENT, | ) | |
| RANDEL TAYLOR, | ) | |
| BRYAN ROACH, | ) | |
| JANE DOE, | ) | |
| JOE HOGSETT, | ) | |
| | ) | |
| Defendants. | ) | |

**Order Dismissing Complaint and Directing Filing of Amended Complaint**

Plaintiff Augustus B. Gaines is proceeding pro se. He filed a complaint with exhibits and additional legal documents describing his claims. As presented, Mr. Gaines's materials violate Rule 8 of the Federal Rules of Civil Procedure and the joinder rules of Rule 20.

## I. The Complaint

Mr. Gaines names 24 defendants and alleges various constitutional and state law violations. His statement of the claim is: "Listed in included documents, with request to amend complaint on assignment of counsel for complexities of case and all Defendants involved that is more designated to an attorney, and not a layman. See claim for all defendants and [illegible] on the impartiality of total construct of such a case." Dkt. 1 at 5. The documents attached to Mr. Gaines's complaint allege:

- Prosecutors Ryan Mears, Kelly Bauder, and Jessica Cicchini were responsible for Mr. Gaines' illegal prosecution and detention for 75 months. Dkt. 1-1 at 3-4.

- Defendant Governor Holcomb is liable as the "head Authoritarian of Marion County, and Indiana." Dkt. 1-1 at 5.

- Indiana Department of Correction (IDOC) commissioner, Christina Reagle, former Indiana Attorney General Curtis Hill, and current Indiana Attorney General Todd Rokita failed to protect Mr. Gaines's rights. *Id.* at 5-6.

- Warden John Gilipeau turned a blind eye to his rights while he was incarcerated at Westville Correctional Facility for nine months. *Id.* at 7.

- Warden Paterious, Assistant Warden Keith Hartzell, John Does 1 and 2, and Grievance Specialist Jones allegedly failed to protect his rights while he was incarcerated at Plainfield Correctional Facility for 48 months. *Id.* at 8-9, 12.

- Camdien and Merridew failed to protect Mr. Gaines's rights as legal officers of the Court. *Id.* at 11.

- Indianapolis International Airport Policy Authority is liable because "he was in their custody under detention . . . then transported to another jurisdiction for transfer of chain of command." *Id.* at 11 and 14.

- The United States Disability Services/Indiana Department is liable for "operating as principle designator of supplemental income . . . relative to the welfare and care of Gaines after he was illegally prosecuted" and vindicated. *Id.* at 13.

- Eskenazi Medical Entity is liable for Mr. Gaines health care after his release from incarceration. *Id.*

- Sheriff Kerry Joseph Forestall is liable for events occurring in 2016 and "a collaboration involving animosity from the last Sheriff." *Id.* at 13 and 22.

- Indianapolis Metro Police Department, Randel Taylor and Bryan Roach are "liable for the violation of federally protected rights while actions under color of state law." *Id.* at 15.

- Corizon Medical Health Regional Director Jane Doe is liable for unidentified policies and procedures that caused unidentified injuries. *Id.* at 17.

- Mayor Joe Hogsett is liable because he was the mayor at the time Mr. Gaines's federally protected rights were violated. *Id.* at 18.

Mr. Gaines's complaint does not provide a factual basis upon which to conclude that any federally secured right was violated. Instead, he offers a list of alleged violations which cannot be summarized:

**INSERTING DEPICTION OF 42 U.S.C. § 1983. CLAIMS OF DEPRIVATION OF RIGHTS**

Comes now, *pro se* petitioner Augustus Gaines to present the courts with violations of the Constitution and [federal laws] against myself by defendants in effects that have cause irreparable damage to Gaines and the institutions that are served by these entities. Gaines has a right to be secure from illegal search and seizure/unreasonable search and seizure and right to also be secure in his home. The **1st, 2nd, 3rd ,4th, 5th, and 6th, 8th, 9th, *11th, 13th, 14th* (**Freedom of speech, wrongful /persecution/conviction/incarceration, illegal detention, failure to protect/failure to intervene, denial of life/liberty/and property with extreme financial suppression, disenfranchising of personal identity with slander and defamation, racial proliferation, capital cruel and unusual punishment, illegal search and seizure, due process, retaliation, prosecutorial misconduct, malicious prosecution, deliberate indifference, conditions of confinement, cruel and unusual punishment, disability discrimination and applicable prevention, negligence, medical malpractice, medical malfeasance, conversion "breach of contract" loss of familial association but not limited to include alienation from societal norms, abuse of characterization, conspiracy, infliction of E.E.M.D. "extreme emotional mental distress", excessive force.**)** amendments protects persons "Gaines in these proceedings", from intrusive and malicious actions by municipalities that have demonstrated a practice of administering these violations on Gaines in an extreme excessive

Dkt. 1-1 at 18.

## II. Discussion

To state a cognizable claim under the federal notice pleading system, the plaintiff is required to provide a "short and plain statement of the claim showing that [he] is entitled to relief[.]" Fed. R. Civ. P. 8(a)(2). It is not necessary for the plaintiff to plead specific facts, and his statement need only "give the defendant fair notice of what the ... claim is and the grounds upon which it rests." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (*quoting Conley v. Gibson*, 355 U.S. 41, 47 (1957)). However, a complaint that offers "labels and conclusions" or "formulaic recitation of the elements of a cause of action will not do." *Ashcroft v. Iqbal*, 556 U.S. 662, 678

(2009) (quoting *Twombly*, 550 U.S. at 555). To state a claim, a complaint must contain sufficient factual matter, accepted as true, "that is plausible on its face." *Id*. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. The complaint's allegations "must be enough to raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.

Gaines asserts that his "claims are to be accepted as true facts viewed most favorable to Plaintiff's designation." Dkt. 1-1 at 19. But he is mistaken. Claims are not facts. In considering whether a complaint states a claim, courts first identify " pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." *Iqbal*, 556 U.S. at 679. Legal conclusions must be supported by factual allegations. *Id*. If there are well-pleaded factual allegations, the Court must then "assume their veracity and then determine whether they plausibly give rise to an entitlement to relief." *Id.*

In addition, district courts are encouraged to review complaints to ensure that unrelated claims against different defendants do not proceed in a single lawsuit. *See Owens v. Godinez*, 860 F.3d 434, 436 (7th Cir. 2017); *see also Antoine v. Ramos*, 497 F. App'x 631, 635 (7th Cir. 2012) ("[T]he district court should have rejected [plaintiff's] attempt to sue 20 defendants in a single lawsuit raising claims unique to some but not all of them.") (citing *Wheeler v. Wexford Health Sources*, Inc., 689 F.3d 680, 683 (7th Cir. 2012)). The plaintiff is not permitted to treat a single federal complaint as a sort of general list of grievances. *Mitchell v. Kallas*, 895 F.3d 492, 502–03 (7th Cir. 2018).

Federal Rules of Civil Procedure 18 and 20 guide the Court's analysis. Rule 20(a)(2) permits a plaintiff to join defendants in a single action if "(A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction,

occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action." "[M]ere overlap between defendants is not enough." *Thompson v. Bukowski*, 812 F. App'x 360, 363 (7th Cir. 2020).

Once Rule 20 is satisfied, "[a] party asserting a claim to relief as an original claim . . . may join, either as independent or as alternate claims, as many claims, legal, equitable, or maritime, as the party has against an opposing party." Fed. R. Civ. P. 18(a); *UWM Student Assoc. v. Lovell*, 888 F.3d 854, 863 (7th Cir. 2018) (court must apply Rule 20 before Rule 18). "Thus multiple claims against a single party are fine, but Claim A against Defendant 1 should not be joined with unrelated Claim B against Defendant 2." *George v. Smith*, 507 F.3d 605, 607 (7th Cir. 2007).

Mr. Gaines's complaint as supplemented cannot proceed. The complaint violates Rule 8 in that is lacks a factual basis (the who, what, when, where) to support the listed legal theories or claims. In addition, it violates Rule 20, by advancing unrelated claims against separate defendants based on separate events. For example, certain claims are based on Mr. Gaines's criminal prosecution, other claims are based on circumstances that occurred at different prisons over the course of years, and other claims are based on circumstances present following his release from prison. His factual allegations do not provide a coherent narrative upon which to conclude that all claims "aris[e] out of the same transaction, occurrence, or series of transactions or occurrences." Fed. R. Civ. P. 20(a)(2)(A). Moreover, there is no common question of law or fact that ties together the various claims against all defendants. Fed. R. Civ. P. 20(a)(2)(B).

### III.    Dismissal and Deadline to Amend

Where a plaintiff has filed a complaint that violates Rule 8 or Rule 20, the Seventh Circuit has suggested that the best approach is to explain the problem, dismiss the complaint without prejudice, and provide leave to amend. *Dorsey*, 55 F.4th at 1107 ("We suggest a district court faced

with misjoined claims begin . . . by striking the complaint, explaining the misjoinder, and giving the plaintiff at least one chance to fix the problem."); *See United States ex rel. Garst v. Lockheed–Martin Corp.*, 328 F.3d 374, 378 (7th Cir. 2003) ("Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud."); *Jennings v. Emry*, 910 F.2d 1434, 1436 (7th Cir. 1990) (complaint "must be presented with sufficient clarity to avoid requiring a district court or opposing party to forever sift through its pages" to determine whether it states a valid claim).

The Court will follow this approach here. Accordingly, the complaint is **DISMISSED** for failure to comply with Rule 8 and Rule 20. Mr. Gaines shall have **through March 21, 2024** to file an amended complaint that complies with Rule 8 and Rule 20.

The amended complaint must (a) contain a short and plain statement of the claim showing that the plaintiff is entitled to relief, which is sufficient to provide the defendant with fair notice of the claim and its basis; (b) include a demand for the relief sought; and (c) identify what injury he claims to have suffered and what persons are responsible for each such injury.

Any amended complaint should have the proper case number, 1:24-cv-52-SEB-MG, and the words "Amended Complaint" on the first page. The amended complaint will completely replace the original. *See Beal v. Beller*, 847 F.3d 897, 901 (7th Cir. 2017) ("For pleading purposes, once an amended complaint is filed, the original complaint drops out of the picture."). Therefore, it must set out every defendant, claim, and factual allegation the plaintiff wishes to pursue in this action.

If the plaintiff files an amended complaint, it will be screened pursuant to 28 U.S.C. § 1915(e). If no amended complaint is filed, this action will be dismissed without further notice or opportunity to show cause.

IT IS SO ORDERED.

Date: _____3/5/2024_____                    _____
                                                SARAH EVANS BARKER, JUDGE
                                                United States District Court
                                                Southern District of Indiana

Distribution:

AUGUSTUS B. GAINES, JR.
5361 Kessler Blvd. N. Drive
Indianapolis, IN 46228